Nov. Term, 1846.

SMITH
v.
SMITH.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*G. H. Dunn*, for the plaintiffs.

*J. Ryman* and *P. L. Spooner*, for the defendant.

---

CARLTON *v.* THE STATE.—In error.

*Wednesday, November* 25.

8 b 208
Case 2
,164 654

THE establishment of a road whose width is not defined is void. *White* v. *Conover*, 5 Blackf. 462.

---

SMITH *v.* SMITH and Another.

A contract for the sale and delivery of goods for the price of fifty dollars or more, is within the statute of frauds, and must be in writing, unless, &c.

It is not necessary, however, that a contract in writing, under the statute, should be signed by both parties.

If it have the signature of the party sued, it is sufficient.

In a suit on a contract for the delivery of goods on or before certain periods at a certain place, or as much sooner as the defendant might wish, the declaration should aver that the plaintiff had been always ready and willing, upon the delivery of the goods as aforesaid, to pay to the defendant the price according to his promise.

ERROR to the *Tippecanoe* Circuit Court.

BLACKFORD, J.—Assumpsit. The declaration states that on the 17th day of *June*, 1844, at, &c., the plaintiff, *H. B. Smith*, at the request of the defendants trading under the name of *Smith* and *Hazard*, bargained with and agreed to buy of the defendants, and the defendants then and there sold to the plaintiff, 1,000 barrels of salt to be delivered to him at *Lafayette*, one-half on or before the first of *August* then next, and one-half on or before the first of *September* next, or as much sooner as the defendants might .wish, &c.; and, upon the delivery of every part, the plaintiff agreed to pay one dollar and 37½ cents per barrel in current *Ohio* and *Indiana* money. The declaration further states that the agreement was in writing, and was in the words following: "*Smith* and *Hazard*, of *Toledo*, *Ohio*, have this day sold to *H. B. Smith*, of *Lafayette*, *Indiana*, 1,000 barrels of salt, to be delivered at *Lafayette* at one dollar and 37½ cents; and it is to be delivered, one-half on or before the first day of *August* next, and one-half on or before the first day of *September* next, or as much sooner as the said *Smith* and *Hazard* may wish to deliver it, or any part thereof; and on the delivery of every parcel or lot, the said *H. B. Smith* agrees to pay the price above named, viz., one dollar and 37½ cents per barrel, in current *Ohio* and *Indiana* money. *Toledo, June* 17th, 1844. *Smith* and *Hazard*." It is then averred, that the plaintiff was always *after said* 17*th day of June*, 1844, and up to and on said first day of *August* then next, ready and willing to accept of one-half of said salt as aforesaid, and to pay the defendants for the same at the rate aforesaid at said town of *Lafayette;* and was always *after said* 17*th day of June*, 1844, and up to and on the first day of *September* then next, ready and willing to accept of the other half of said salt, and to pay the defendants for the same at the rate aforesaid at said town of *Lafayette;* whereof the defendants then and there had notice. Yet the defendants not regarding their promise, &c., neither did nor would, though often requested, within the times aforesaid, deliver, &c., but have refused, &c. Whereby, &c.

General demurrer to the declaration, and judgment for the defendants.

VOL. VIII.—27

Nov. Term, 1846.

SMITH
v.
SMITH.

*Wednesday, November* 25.

The argument of the defendants is, that as the plaintiff did not sign this contract, he is not bound by it; and that therefore the defendants' promise to sell and deliver the salt was made without consideration.

It must be admitted that the contract being for the sale and delivery of goods for the price of fifty dollars or more, is not, under the statute of frauds, binding on the plaintiff, as he did not sign it. And it is, no doubt, a general rule that where one party is not bound to do the act which is the consideration for the other's promise, the contract is void for the want of mutuality. Chitty on Contracts, 15. But there are some exceptions to this rule, and the case before us is one of them. This contract would have bound both parties at common law without writing; but the statute of frauds has changed the law, and requires that such contracts must be in writing, and be signed by the party to be charged, or by some one by him thereunto lawfully authorized. R. S. 1843, p. 590. The *English* statute on this subject is similar to ours. Roberts on Frauds, 164. The construction put upon the *English* statute is, that the contract need not be signed by both parties. If it have the signature of the party sued, it is sufficient. It must be such a contract as would, though by parol, have bound both parties at common law; and then if it be in writing, and be signed by the party sued, it is valid against him under the statute of frauds, but not against the other who has not signed it. The statute of 1838 provides, that no action shall be brought upon any contract or sale of lands, &c., unless the agreement, &c., be in writing and signed by the party to be charged. This Court has said that such a contract need be signed only by the party sued. *Barickman* v. *Kuykendall*, 6 Blackf. 21. In that case, an *English* authority was relied on, in which the subject is very fully discussed, the *English* statute as to such contracts being similar to ours. Ch. Justice *Tindal* there observed, "It is said, unless the plaintiff signs there is a want of mutuality. Whose fault is that? The defendant might have required the vendor's signature to the contract; but the object of the statute was to secure the defendant's." *Laythoarp* v. *Bryant*, 2 Bingh. N. C. 735. In a previous case, an *English* Court, in reference to that part of the statute which respects

the sale of goods, said, "It had truly been urged, that contracts might subsist which, by reason of the statute of frauds, could be enforced by one party, although they could not be enforced by the other party; but the statute of frauds in that respect threw a difficulty in the way of the evidence; the objection did not interfere with the substance of the contract; and it was the negligence of the other party, that he did not take care to obtain and preserve admissible evidence to enable himself also to enforce it." *Thornton* v. *Kempster*, 5 Taunt. 786. That it is no objection, under statutes like ours, to a suit against the vendor or vendee of goods, that the contract could not have been enforced against the plaintiff, he not having signed it, is decided in *Egerton* v. *Mathews*, 6 East, 307, and in *Allen* v. *Bennet*, 3 Taunt. 169. There are many *American* cases to the same point, which are collected in a note to 2 Kent's Comm. 510, 511, and in a note to *Seton* v. *Slade*, 7 Ves. 265, Sumn. ed.

We are, therefore, of opinion that said objection made to the declaration, viz., that it shows that the contract was signed only by the defendants, cannot be sustained.

But there is another objection made to the declaration, which is fatal. The salt was to be delivered on or before certain periods at a certain place, or as much sooner as the defendants might wish. There should have been an averment in the declaration, that the plaintiff had been always ready and willing, upon the delivery of the salt as aforesaid, to pay to the defendants the price, according to his promise. There is a precedent in a very similar case, referred to by *Lawrence*, J., in *Rawson* v. *Johnson*, 1 East, 203, which contains such an averment. Herne's Pleader, 131. See, also, a similar form in 2 Chitty's Plead. 269. In the case before us, the averment is that the plaintiff was always *after said* 17*th day of June*, 1844, and up to and on, &c., ready and willing to accept, &c. The defendants had a right to deliver the salt on the same day the contract was made, so that it was done after the execution of the contract; and the plaintiff was bound to be ready and willing to accept, &c., at the same time, as well as afterwards. The averment is a material one, and, if denied, must be proved. The declaration seems to imply, that the plaintiff was not ready on the 17th

of *June*, the day of the contract, to accept, &c.; the allegation being that he was ready and willing, &c., *after that day*. At any rate, it does not appear that he was ready and willing from the making of the contract until, &c., on delivery of the salt, to accept and pay for it, &c.; and for that reason, the demurrer was rightly sustained.

*Per Curiam.*—The judgment is affirmed with costs.

*D. Mace* and *A. M. Crane*, for the plaintiff.

*E. H. Brackett* and *R. C. Gregory*, for the defendants.