Cook and Others *v.* Anderson.

*Jacob S. Broadwell, Samuel H. Buskirk* and *Oscar B. Hord,* for the State.

---

## Cook and Others *v.* Anderson.

PRACTICE.—The statement in a bill of exceptions "that the foregoing is all the evidence offered or given on the trial of the above cause," does not exclude the presumption of other evidence.

EVIDENCE.—In an action to recover damages for the non-performance of a parole contract, a written memorandum of the contract, signed by the plaintiff but not signed by the defendant, may be competent evidence to establish the terms of the contract, if accompanied with other evidence, or proof of circumstances tending to show assent thereto by the defendant.

APPEAL from the *Shelby* Common Pleas.

HANNA, J.—*Anderson* complained of the appellants, in two paragraphs.

First; averring that on the 2d of *June*, 1857, defendants purchased of him from one hundred and eighty-five to two hundred good, merchantable, corn-fed, fat hogs to be taken and weighed by the defendants, between the 20th of

Cook and Others *v.* Anderson.

*November* and 1st of *December*, 1857, at, &c., it being the lot of hogs the plaintiff then had on hand, in consideration of which the defendants agreed to pay to the plaintiff 5 dollars per hundred pounds, gross weight, when the hogs were delivered, in good bankable paper, which contract was reduced to writing and signed by the plaintiff, (of which a copy is filed,) and defendants agreed and promised to make out and sign a duplicate thereof, and leave the same with one, &c., for the plaintiff; that defendants accepted and adopted said written contract, and made two payments thereon, in part payment for said hogs, amounting to 190 dollars, and on the said 20th day of *November*, notified the plaintiff to deliver said hogs, so purchased, as aforesaid, at, &c., on the 22d day of said month, on which day, at, &c., said plaintiff weighed and tendered one hundred and eighty-nine hogs to defendants, of the kind, &c., described, &c., which defendants refused to accept and pay for; that on that day, at, &c., hogs were worth 3 dollars per hundred pounds, gross weight, wherefore, &c.

The second paragraph is upon a like contract, without any averment of its having been reduced to writing; but that 190 dollars was paid, as earnest, &c.

Demurrer to the first paragraph overruled.

Answer: 1. Denial. 2. Readiness of defendant to perform, and failure of plaintiff, and payment of the 190 dollars which is set up as a counter claim. Demurrer to second paragraph overruled. Reply in denial. Trial, verdict and judgment for plaintiff.

1. Was the ruling right, on the demurrer to the first paragraph of the complaint?

The ruling on the demurrer was right, for the reason that there is a sufficient contract shown, regardless of the averments in reference to the writing signed by one party. The

Cook and Others *v.* Anderson.

terms of the contract and consideration are set forth, and the payment of a part thereon.

It is shown that the plaintiff signed a memorandum of the contract, and that the defendants were to do so; but whether they did or not, is not averred. If they did it could be produced as evidence on the trial. If they did not, but, in view of the terms agreed upon, paid money upon the contract, it would be good with reference to the statute of frauds. The presumption, under the pleadings, would be, we suppose, that no writing was made by the defendants, or it would, in pursuance of our statute, have been made the foundation of the action. If the trial should disclose such writing, steps would have to be taken to perfect the pleadings. *Kersteter* v. *Raymond*, 10 Ind. 199. If it had been averred, directly, that defendants did not make any memorandum in writing, the contracts as shown, would nevertheless have been binding, because of the part payment thereon.

Upon the trial, the first evidence offered to the jury by the plaintiff, was the writing described in the first paragraph of the complaint, which was admitted over the objection of the defendants. Was the ruling correct? It was incumbent on the plaintiff, under the issues, to prove his contract as alleged. So far as shown it was a verbal one, and might have been proved by oral evidence. Was this paper competent for any purpose? It is averred that although signed by but one party, and that not the party sued, yet that the instrument so signed had been accepted and approved, and part payment thereon made. Now suppose the plaintiff had no witness who had heard the bargain made, and terms of the contract mutually agreed upon, but afterwards had placed this paper in the hands of a witness, who had presented it to the defendants, and they, after examining it, had said "certainly, this is right," and had thereupon paid, as alleged, would not this be competent evidence of the terms of the bargain, not conclu-

sive evidence, not such a writing as could be made the foundation of the suit, but as a link in the evidence necessary to establish the alleged verbal contract.

Again, suppose two persons, when alone, should make a bargain of this character, and then come into the presence of other persons, and thereupon the vendor should sit down and write out an instrument similar to this, which the vendee should carefully read over and then hand to the other a sum of money, and stand by and see an endorsement, similar to the one here shown, made on said writing by said vendor— not a word all the while being spoken by either of the parties, in the presence of said witnesses; could said writing, and the circumstances accompanying its execution, be given in evidence?

The value of such writing, as evidence, would of course depend very much upon attendant circumstances, and declarations, if any, in proof. On what principle should it be excluded? Oral testimony of the bargain and all its terms and conditions, would be admissible. Would the fact that it was reduced to writing by one party—approved and money paid upon it by the other render it void? or would a writing thus prepared, be less likely to retain the agreement, than the treacherous memory of man? If it is said that its approval thus evidenced, might be established by perjury; the answer is, that as easily might the whole terms of the contract. If the suit had been against the plaintiff for non-compliance, it could have been founded upon this writing, and the contract established by it. This is upon the principle that the contract itself was mutual, but that one party had secured evidence of a more conclusive character than the other. *Shirly* v. *Shirly*, 7 Blackf. 452; *Davis* v. *Shields*, 26 Wend. 341; *Nichols* v. *Johnson*, 10 Conn. 192.

When a mutual contract is made and one party gives the other a memorandum in writing, but neglects to take one

Cook and Others *v.* Anderson.

himself, he has but himself to blame if he is unable to enforce its performance, whilst he is bound to the other party. *Thornton* v. *Kempston*, 5 Taunt. 788; 5 Sandford, (S. C.) 101. Therefore, in this case, although the plaintiff might have been thus bound, yet, if there had been no money paid, he could not have enforced the contract against the other party.

But so far as the record goes there was no evidence, other than said writing, of the terms of the contract, nor was there any evidence of the payment of the money, the endorsement on the writing not having been given in evidence. Of course, therefore, if the evidence is all in the record, there was a failure of proof.

After setting forth a large amount of testimony, the bill of exceptions states: "Be it further remembered that the foregoing is all the evidence offered or given on the trial of the above cause." "And be it also remembered that the plaintiff then recalled rebutting witnesses, and while one *William H. Crane*, was being examined," &c., a motion was made, &c. No further evidence appears in the record.

This shows the necessity of the thirtieth rule, which we have often enforced, and must enforce now.

Then we can not say that there was not sufficient evidence to sustain the verdict, upon the parole contract, for we do not know what was heard and not placed upon the record.

This failure of proof would be fatal, if it was apparent—all the evidence being in the record, unless the position which seems to have been assumed by the court below is correct, and that is, that no proof was necessary in view of the pleadings.

The answer is a denial and a readiness to perform, and averred the failure of the plaintiff to comply, together with a counter claim for the amount charged, under this last paragraph, to have been advanced upon the contract.

The statement in the second paragraph of the answer, in

reference to the payment of money on said contract, if it could, in any state of the pleadings, be used to dispense with proof of the allegations of the complaint, can not have that effect, in view of the fact that a general denial was in as to the whole complaint.

The last question arises upon the instructions given and refused.

As the evidence is not in the record, we cannot say that the rulings upon instructions, asked for by the parties, and given and refused, were wrong.

One instruction given by the court, as a general charge, seems to us to be wrong; but we can not find that the giving thereof ·was objected to, or any exceptions based thereon, and therefore it presents no question for our consideration.

*Per Curiam.*—The judgment is affirmed, with two per cent. damages, and costs.

*Martin M. Ray*, for the appellants.

*P. A. Hackleman, George C. Clark, Oscar B. Hord*, and *Cortez Ewing*, for the appellee.