*R. & H. Crawford*, for appellant.
*John S. Davis*, for appellee.

---

23　163
130　578

### McMillen *v.* Terrell.

Practice.—In cases originating before a justice of the peace, all matters of defense, except the statute of limitations, set-off, and matters in abatement, may be given in evidence without a written answer. Page 165.

Complaint—Arrest of Judgment.—If the complaint does not state facts sufficient to constitute a cause of action, no valid judgment can be rendered on it, and objection is well taken by motion in arrest of judgment.

Practice—Statute of Frauds.—Where the contract sued on is void under the statute of frauds, the objection can be taken at the trial. Page 165.

Statute of Frauds.—Suit upon the following contract, viz:

*"December* 7, 1859.

"I have this day sold to *J. T. McMillen* forty-one head of fat hogs, to be delivered at *Kokomo* on the 13th day of *December*, for $345, or the privilege of weighing at $4.75 gross.　　(Signed)　　Richmond Terrell."

It appeared in evidence that *Lowe* was the agent of *McMillen* to purchase hogs; as such he contracted for the hogs, drew up the instrument sued on, and *Terrell* signed it and delivered it to him. Some time after the contract he put *McMillen's* name to it, but the parties, not being present, concluded it was wrong, and marked it off.

*Held,* that there was no valid signing of the contract by *McMillen.* Page 167.

SIGNATURE.—The law does not prescribe the particular place where the obligor's name must be placed; but wherever placed, it must be done with the intention of executing the instrument as the obligation of the party so signing it.

SAME.—If the signature is placed at the close, the inference is that it was so placed as the final execution of the instrument. This inference does not necessarily arise where the name is found at the commencement or in the body. Page 167.

APPEAL from the *Howard* Circuit Court.

ELLIOTT, J.—*Terrell,* the appellee, sued *McMillen,* the appellant, on an alleged written contract, before a justice of the peace in *Howard* county. Trial and judgment for the plaintiff. The defendant appealed to the Circuit Court, where the case was tried by a jury, who found for the plaintiff. Motion for new trial overruled; motion in arrest also overruled; and judgment on the verdict of the jury. The defendant below appeals. The evidence in the case is in the record by bill of exceptions.

The complaint alleges that the defendant below, on the 7th of *December,* 1859, "executed, as did also the plaintiff, an agreement, a copy of which is filed herewith, whereby the plaintiff sold to the defendant forty-one head of fat hogs, to be delivered at *Kokomo,* on the 13th day of *December,* 1859, for $345, or the privilege of weighing at $4.75 gross. And the plaintiff avers that he was ready, at the time and place agreed upon, with forty-one head of fat hogs, and offered to deliver the same to the defendant; but he says that the defendant failed, and refused to attend and receive and pay for said hogs, to the damage of the plaintiff $100; for which sum he demands judgment and other proper relief." A copy of the instrument sued on was filed with the complaint, and is as follows:

*"December* 7, 1859.

"I have this day sold *J. T. McMillen* forty-one head of fat hogs, to be delivered at *Kokomo,* on the 13th day of *December,* for $345, or the privilege of weighing at $4.75 gross.            (Signed)        RICHMOND TERRELL."

On the trial the plaintiff offered in evidence the original instrument in writing, of which the foregoing is a copy, to which the defendant objected, but the court overruled the objection, and permitted it to be read in evidence to the jury; to which the defendant excepted. No answer in writing was filed, either before the justice or in the Circuit Court. But, as the case originated before a justice of the peace, "all matters of defense, except the statute of limitations, set-off, and matter in abatement, might be given in evidence without such written answer."

The appellant insists that the Circuit Court erred in permitting the instrument in writing, upon which the suit is founded, to be given in evidence to the jury over his objections, as it was not, and did not purport to be, signed by him. It is also insisted that the court erred in overruling the motion *in arrest,* on the ground that the complaint did not state facts sufficient to authorize a judgment against the appellant.

These questions may be considered together, as their solution may alike depend on the validity of the contract, as against the appellant, under the statute of frauds. No direct objection to the sufficiency of the complaint, by demurrer or otherwise, seems to have been made before the justice, nor in the Circuit Court; but if the complaint does not state sufficient facts to constitute a cause of action, no valid judgment can be rendered on it against the appellant, and the objection is well taken by motion in arrest. If the contract as against the appellant was void under the statute of frauds, the objection could be taken at the trial.

The complaint avers that the appellant executed the

contract. The copy exhibited does not sustain the averment. It purports a contract signed by the appellee alone, not by the appellant; indeed, the form of the instrument does not indicate that it was intended to be executed by the appellant. Its form is that of an obligation intended, as in fact it is, as an obligation *to* the appellant, not by him.

The averment, therefore, in the complaint that the appellant executed the instrument, is not sustained by the copy filed. There is a conflict between the averment and the instrument produced. The instrument controls the averment, and if the contract presented, taken in connection with the other averments in the complaint, does not show a legal obligation on the appellant; under the statute of frauds, then the complaint is bad, and no judgment should have been rendered on it against the appellant. It may here be remarked that, in the case at bar, it is not pretended that there was any part payment for the hogs, as earnest or part performance of the contract, that would save it from the operation of the statute.

The complaint avers the execution of the contract by the appellant; but, as the instrument produced does not show an apparent execution by him, its execution is not admitted by a failure to deny it under oath. *The Peoria, etc. Insurance Company* v. *Walser*, 22 Ind. 73.

The statute provides that "no contract for the sale of any goods, for the price of $50 or more, shall be valid, unless the purchaser shall receive part of such property, or shall give something in earnest to bind the bargain, or in part payment, or unless some note or memorandum in writing of the bargain be made and signed by the party to be charged thereby, or by some person thereunto by him lawfully authorized." 1 G. & H. 351, sec. 7.

In this case no part of the property was delivered, no earnest paid to bind the bargain, or in part payment. An effort was made on the trial to prove an execution of the contract by the appellant by his agent. It appears from

the evidence that one *Lowe* was employed by the appellant to purchase hogs for him as his agent; that, as such agent, said *Lowe* contracted with the appellee for forty-one hogs, and drew up the instrument sued on. The appellee signed it, and delivered it to *Lowe*, who testifies as follows: "Some time after the contract, can't say whether before or after the difficulty about the delivery, I put *McMillen's* name to the bottom of the contract, and immediately after took it off. I thought I ought to have put his name when the contract was made; upon a few moments' reflection, the parties not being present, thought it wrong, and consequently marked it off." We do not think the circumstances here testified to, amounted to a valid signing of the contract, or bound the appellant.

It is insisted by the appellee that, as the appellant's name is written in the body of the contract by his agent, in drawing up the instrument, that fact constituted a sufficient signing to take the case out of the statute.

Ordinarily, written·obligations are executed by signing the names of the parties to be bound thereby at the bottom or close of the instruments. But this mode of execution is not essential to the validity of the instrument. The law does not prescribe the particular place where the obligor's name must be placed; it may be at the beginning or in the body, at the close or perhaps on the margin of the instrument; but wherever placed, it must be done with the intention of thereby executing it as the obligation of the party so signing it. If the signature is placed at the close, at the ordinary place of signature, the inference is that it was so placed as the final execution of the instrument. This inference, however, does not necessarily arise where the name is found at the commencement or in the body. In such case there should be some evidence, either in the form of the instrument or the circumstances attending the signature, showing that it was the intention of the party thereby to execute it.

We are aware that adjudicated cases·may be found

where the name of the party charged is written at the beginning, or in the body of the instrument only, with very slight evidence of intention, in which the execution was regarded as sufficient to save the case from the operation of the statute of frauds. But we have been referred to no case, and are aware of none that would justify such a ruling in the case before us. See *Smith* v. *Smith et al.*, 8 Blackf. 208; *Cook et al.* v. *Anderson*, 20 Ind. 15.

The statute is plain and unequivocal, and should not be evaded by judicial refinement, but should be so administered as to subserve the purpose for which it was enacted.

We think the motion in arrest should have been sustained, and for this error the judgment should be reversed.

The judgment is reversed with costs, cause remanded, etc.

*Thos. A. Hendricks, Oscar B. Hord,* and *N. R. Lindsay,* for appellant.

*Henry A. Brouse,* for appellee.

Counsel for appellant argued: This case falls within 7th sec. of statute of frauds, 1 G. & H. 351. *Cook* v. *Anderson,* 20 Ind. 15; Smith on Contracts, 39, note; *Drake* v. *Markle,* 21 Ind. 437; *Smith* v. *Smith,* 8 Blackf. 208.

The name of a party in the body of the instrument is only to be regarded as a signing, when the evidence clearly shows such to have been the intention of the parties. *The Peoria, etc. Co.* v. *Walser,* 22 Ind. 73; Parson on Contracts, p. 287, (4th ed.,) and note; Brown on Frauds, sec. 357, (2d ed.); Smith on Contracts, p. 39, and note.