Henry Morin

*vs.*

Frank Martz et al.

Under the statutes requiring a note, or memorandum, in writing, of contracts for the sale of goods, &c., for the price of fifty dollars, or more, to be "subscribed by the parties to be charged therewith," the subscription of the party against whom the contract is sought to be enforced, is sufficient.

This action was brought in the Court of Common Pleas of Ramsey county, to recover damages for the non-performance of a contract for the sale and delivery of wheat. Issue was joined, and the cause tried before the Court, without a jury, who found for the plaintiff, and judgment was entered in his favor. From this judgment defendant appeals to this Court. As the only question discussed in this Court was, whether the contract was within the "statute of frauds", and the contract is set out, at length, in the opinion, no further statement is necessary.

W. A. Gorman for Appellants.

Brisbin & Warner for Respondent.

*By the Court*—Berry, J.—

"Saint Paul, April 27, 1866.

We the undersigned parties, have sold this day to Mr. H. Morin, of St. Paul, four thousand (4000) bushels of No. 1 wheat, at one dollar and ten cents per bushel, ($1 10), to be

delivered and shipped on board of boat at Strait Landing, (2000) two thousand bushels to be shipped on or before the fifteenth (15th) day of March, 1866, and the balance to be shipped during the balance of said month.

· (Signed)                                        FRANK MARTZ.

MICHAEL SIMMER."

This action is brought to recover damages for a failure to deliver and ship the wheat mentioned in the foregoing instrument according to the terms thereof. *Sec. 3, Ch. 50, Pub. St.*, provides that " every contract for the sale of any goods, chattels or things in action, for the price of fifty dollars or more, shall be void, unless a note or memorandum of such contract be made in writing and subscribed by the parties to be charged therewith." The defendants contend that the instrument above recited does not satisfy the requirements of the statute, because it is subscribed by the vendors only, and that the complaint is insufficient, because, although alleging that a memorandum of the contract of sale was made in writing, and duly subscribed by defendants, it does not allege that it was signed by all the parties to such contract. But the construction, which has quite uniformly been put upon the statute of frauds, is otherwise. In *Clason vs. Bailey*, 14 *Johns*, 487, Chancellor Kent says, " it is sufficient, if the agreement be signed by the party to be charged. It appears to me, that this is the result of the weight of the authority both in the Courts of law and equity." See also the opinion of Senator Verplanck in *Davis vs. Shields*, 26 *Wend.*, 362. The statute of frauds was enacted in the reign of Charles II, nearly two hundred years since, and the same construction, placed upon this portion of it by Chancellor Kent, has been adopted with a remarkable approach to unanimity, not only in England, but in this country. Prof. Parsons says : " And it is now quite settled, that the agreement need not be signed by both parties,

Morin v. Martz et al.

but only by him who is to be charged by it." 3 *Pars. Con.*, (*5th ed.*,) 9, and numerous authorities cited. *Fenley vs. Stewart*, 5 *Sand. (S. C.) R.*, 105; *Old Colony R. R. Co., vs. Evans*, 6 *Gray*, 25; *Browne on Statute of Frauds*, sec. 365; 1 *Smith L. Cases*, 466.

It will also appear, from the authorities cited, that the language " who is to be charged by it," is held equivalent to the language, " who is to be charged by it in the suit," or " against whom it is sought to be enforced." It is urged in this case that the use of the plural word " parties " is significant when read by the light of other portions of the same statute in which the singular word "party" is made use of, and that it is fair to infer that the Legislature intended to comprehend in the term " parties " all the parties to the contract. In *Clason vs. Bailey*, *p.* 490, Chancellor Kent adverts to this point, saying—" There is a slight variation in the statute respecting agreements concerning the sale of lands, and agreements concerning the sale of chattels, inasmuch as the one section (being the 4th section of the *English* and the 11th section of our statute), speaks of the *party,* and the other section (being the 17th of *English* and 15th of ours), speaks of the *parties* to be charged. But I do not find from the cases that this variation has produced any difference in the decisions. The construction as to the point under consideration has been uniformly the same in both cases." It would seem, then, that by a strong and united current of authority, the signification of the words "parties to be charged therewith," or of words equivalent in the statute of frauds, has been settled by adjudications reaching over a very long period of time. These words have acquired a meaning, which it was not absolutely necessary to give them, in the first instance; a meaning which has been frequently regretted by Courts, but nevertheless a meaning settled and established by long usage.

There is no practical, rational way of determining the meaning and definition of words and phrases, except by inquiring in what sense they are usually employed in the connection in which they are found. And following this course we are of opinion that the Legislature must have intended to use and must have used the words "parties to be charged therewith" in the sense in which they have generally been used and understood in like cases. We hold, therefore, that the subscribing of the note or memorandum of the contract in this case, by the vendors alone, was a sufficient subscription under the statute, in an action brought against them.

Judgment affirmed.