## ADAMS v. DALE.

29 273
158 542

PLEADING.—COPY OF WRITTEN CONTRACT.—Where a complaint upon a written instrument contains, in the body of it, a copy of the writing, it is sufficient.

PLEADING.—CONTRACT.—A contract for the sale of lumber stipulated for the delivery thereof "on or before *August* 1st," and for payment on delivery, and it was held that the seller had the whole of the day named to

deliver, and that in a complaint for the non-delivery, an averment of readiness to receive, &c., "up to the first day of *August*," was insufficient.

REVENUE STAMPS.—In a suit upon a written contract, bearing a proper revenue stamp, cancelled, the defendant offered to prove that he did not affix the stamp, nor authorize it to be done.

*Held*, that the evidence was incompetent, as the plaintiff himself might properly have affixed the stamp, and a failure to cancel it would not render the instrument void.

APPEAL from the *Henry* Common Pleas.

FRAZER, J.—It is assigned for error that the court below erred in overruling separate demurrers to each of the paragraphs of the complaint, the want of sufficient facts being assigned for cause of demurrer.

Each paragraph is for the breach of a written contract, whereby the appellant, who was defendant below, undertook, by a day certain, to deliver certain lumber to the plaintiff at fixed prices, and the breach alleged is a failure to do so. One objection made is, that copies of the contracts are not contained in, or filed with, the complaint. Each one of the paragraphs professes to set out, *in hæc verba*, a copy of the contract upon which it is predicated, alleging it thus: "That the defendant executed and delivered to the plaintiff his certain instrument in writing, as follows," and then inserting, at full length, embraced in quotations, a written contract signed by the defendant. It appears to us useless to say more about that question.

The second paragraph is bad, however, on account of another objection made to it. The contract declared on therein was for the delivery of lumber on or before *August* 1, 1864, to be paid for on delivery. It avers a readiness by the plaintiff at all times, "up to the 1st of *August*, 1864, to receive and pay for the same." It should have been alleged also, in the absence of a general averment of readiness, that he was so ready on the first of *August*. The delivery, on the one part, and the payment, on the other, were to be concurrent acts. The defendant had the whole of the first day of *August* to deliver the lumber, and unless the plaintiff was then ready to receive it and pay for it, he could have

no right of action. *Smith* v. *Smith*, 8 Blackf. 208 is exactly in point upon this question.

A question is argued about revenue stamps upon the contracts. They have the proper stamps, cancelled, but the defendant offered to prove that he did not affix the stamps, or authorize it to be done. It was wholly immaterial who affixed the stamps. The plaintiff could properly do it. Nor did the failure to cancel the stamps, if there was a failure, render the instruments void.

The judgment. is reversed, with costs, and the cause remanded, with instructions to set aside all proceedings subsequent to the filing of the demurrers to the complaint, and to sustain the demurrers to the second and third paragraphs thereof.

*J. Brown*, *R. L. Polk*, and *W. March*, for appellant.

*J. H. Mellet* and *M. E. Forkner*, for appellee.