———o———

## BRUMFIELD and Others *v.* CARSON and Others.

STATUTE OF FRAUDS.—*Interest in Land.*—The right to use, for the purpose of worship, a church edifice when not occupied by the church to which it be-

longs, is an interest in real estate, and a contract therefor, to be valid, must be in writing, signed by the party to be charged.

APPEAL from the Wayne Common Pleas.

GREGORY, C. J.—The appellants filed a complaint in the court below against the appellees for specific performance of the following writing:

"ABINGTON, May 1st, 1854.

" We, whose names are here inserted in this book, promise to pay, or cause to be paid, to the trustees of the Evangelical Lutheran and United Brethren in Christ Churches, for the sole purpose of erecting a church edifice in Abington for said societies, which is to be free for all Christian denominations to worship in when unoccupied by themselves, by making application to the trustees. Subscriptions to be paid on or before Christmas, 1854."

This paper was signed by the appellants and others as contributors to the fund for the erection of the church edifice. It was not signed by either of the church corporations for which it was built. The complaint is, that one of these societies has relinquished to the other their entire interest in the building; that the trustees of the church now owning the property refuse to allow other Christian denominations to worship in the building when unoccupied by themselves. The appellants are not members of either of the churches for which the church edifice was erected, but were subscribers and contributors to the fund for the erection thereof and members of other Christian churches.

A demurrer was sustained to the complaint. The appellants then added a new paragraph, and asked for a mandate. A demurrer was also sustained to that paragraph. The action of the court below in sustaining these demurrers presents the questions involved in this appeal.

The right claimed, to use the church edifice to worship in when unoccupied by the church to which it belonged, is an interest in real estate, and a contract therefor, to be valid under the statute of frauds, must be in writing, signed by the party to be charged. This paper is not so signed.

That it was signed by the appellants is not enough. In *Laythoarp* v. *Bryant*, 2 Bing. N. C. 735, TINDAL, C. J., remarks, "It is said, unless the plaintiff signs there is a want of mutuality. Whose fault is that? The defendant might have required the vendor's signature to the contract; but the object of the statute was to secure the defendant's."

The principle, that the contract must have the signature of the party sued, was recognized in *Smith* v. *Smith*, 8 Blackf. 208.

Clearly, the facts charged do not make a proper case for mandate. The court committed no error in sustaining the demurrers.

Judgment affirmed, with costs.

*J. B. Julian* and *J. F. Julian*, for appellants.

*W. A. Peelle* and *H. C. Fox*, for appellees.