| 49 | 691 |
|----|-----|
| 79 | 663 |
| 49 | 691 |
| 82 | 257 |
| 49 | 691 |
| 89 | 245 |

## L. L. CRUTCHFIELD V. J. W. DONATHON.

SUIT was instituted upon a promissory note, on its face purporting to be in consideration of "one-half of a certain town lot in the town of Jacksboro, in lot number 4 in block number 3." Plaintiff in the petition tendered a deed for the east half, for which half it was alleged the note was given. Defendant pleaded that there was no

written memorandum of the alleged sale of the lot, and that the note was without consideration. On the trial, plaintiff (over objection) testified that the east half of the lot was sold by him to defendant, and that witness had always been ready to make a deed therefor. Judgment was rendered for the amount of the note, &c.: *Held*—

  1. The agreement or memorandum of sale of land required by the statute of frauds need not be signed by both parties, but only by him who is to be charged by it.

  2. Where the action is brought on a promissory note given by a vendee, although it may not be such a memorandum as satisfies the statute of frauds, the maker cannot avoid the note which he has given because he has omitted to bind the vendor.

  3. The cause of action in this case being a promissory note reciting its consideration, and as the action is brought upon the note, and not upon the contract of sale, it is no valid defense to plead that the sale of the lot was not evidenced in writing.

APPEAL from Jack. Tried below before the Hon. A. J. Hood.

The opinion gives a full statement of the case.

*Charles Soward,* for appellant, cited Farmer *v.* Simpson, 6 Tex., 307; Brock *v.* Jones, 8 Tex., 78; Dawson *v.* Miller, 20 Tex., 171; Harris *v.* Crittenden, 25 Tex., 325; Davenport *v.* Chilton, 25 Tex., 518; Paschal's Dig., 3875.

*Ball & Roach,* for appellee, cited Reynolds *v.* Johnston, 13 Tex., 215; Hunt *v.* Turner, 9 Tex., 386; Whitson *v.* Smith, 15 Tex., 36; Garner *v.* Stubblefield, 5 Tex., 552; Niblett *v.* Shelton, 28 Tex., 548; Pressley *v.* Testard, 29 Tex., 199; 3 Pars. on Cont., 10, and note.

GOULD, ASSOCIATE JUSTICE.—J. W. Donathon sued L. L. Crutchfield on his promissory note, as follows:

"JACKSBORO, *May* 3, 1873.

"Thirty days after date I promise to pay J. W. Donathon, or bearer, two hundred and fifty dollars, with five per cent. interest per month from date until paid, for value received.

The consideration of the above note is one-half of a certain town lot in the town of Jacksboro, in lot number four (4) in block number three (3).

(Signed) "L. L. CRUTCHFIELD."

In the petition, as amended, it is alleged that this note was given for the purchase-money of the east half of the lot named; that plaintiff is ready and willing to make to Crutchfield a good warranty deed, upon payment of the note sued on, tendering the deed into court, praying for judgment on the note and the enforcement of the vendor's lien.

The only part of defendant Crutchfield's answer that need be stated is as follows: "The pretended sale of the east half of lot number 4 in block number 3, in the town of Jacksboro, if ever made by plaintiff to this defendant, the same was not evidenced by any deed in writing, or any memorandum in writing, signed by either the plaintiff or defendant herein, or any other person by them or either of them thereunto lawfully authorized, so as to bind either of the parties thereunto; and of this defendant puts himself upon the country." To this plea there was no exception.

On the trial, the plaintiff was allowed to testify, over the objection of defendant, that it was for the east half of the lot that the note was given. He further testified that the trade was made some time before the note was given, and that he had at all times been ready to make defendant a deed upon payment of the note, bringing a deed into court. The defendant asked a charge to the effect, that unless the sale was evidenced by a written memorandum signed by Donathon, they would find for defendant. The court refused to give this charge, and in the charge as given excluded from the consideration of the jury the defense set up under the statute of frauds.

There was judgment for plaintiff for the amount of the note and interest, and for the enforcement of the vendor's lien on the lot, from which judgment Crutchfield appeals.

The question presented is as to the effect of the statute of

frauds on the plaintiff's right to recover, and may be subdivided into two questions:

1. Was the action brought upon a contract for the sale of lands, signed and evidenced as required by the statute?

2. Was it shown that the instrument sued on was without consideration?

So much of the "act to prevent frauds and fraudulent conveyances" as is material to this case is: "No action shall be brought whereby to charge any executor or administrator upon any special promise to answer any debt or damage out of his own estate, or whereby to charge the defendant upon any special promise to answer for the debt, default, or miscarriage of another person, or to charge any person upon any agreement made upon consideration of marriage, or upon any contract for the sale of lands, slaves, tenements or hereditaments, or the making of any lease thereof for a longer term than one year, or upon any agreement which is not to be performed within the space of one year from the making thereof, unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith, or some person by him thereunto lawfully authorized." (Paschal's Dig., art. 3875.) This section, with some little change, is copied from the fourth section of the statute of frauds of 29 Charles II, A. D. 1677, and as that famous English statute had been fully construed by the courts of England and the United States, its phraseology was doubtless adopted by the Congress of the Republic with the wise design of accepting that construction. Unless on points where a change of construction is indicated by some change of phraseology, the fundamental rules of our law, framed to promote that stability and certainty in the law which are so desirable, require that the courts should give to this statute that construction which accords with the great current of English and American authority.

There can be no question, that, according to the current of

authority, the agreement or memorandum thereof required by the statute "need not be signed by both the parties, but only by him who is to be charged by it." (3 Pars. on Cont., 5th ed., p. 9; Browne on Frauds, sec. 365; Benj. on Sales, ch. 7, p. 188; Egerton v. Mathews, 6 East, 307; Laythorp v. Bryant, 2 Bing., (N. C.,) 735; Allen v. Bennett, 3 Taunt., 169; Clason v. Bailey, 14 Johns., 484; Justice v. Lang, 42 N. Y., 493; Fenly v. Stewart, 5 Sandf., 101; Penniman v. Hartshorn, 13 Mass., 87; Barstow v. Gray, 3 Greenl., 409; Douglas v. Shears, 2 N. & M., 207; Shirley v. Shirley, 7 Blackf., 452; Brumfield v. Carson, 33 Ind., 94; Morin v. Martz, 13 Minn., 191; Thornton v. Kempster, 5 Taunt., 786.)

Addison, in his work on Contracts, says: "If an agreement has been made by word of mouth for the purchase and sale of an estate, and the purchaser signs a memorandum by which he agrees to buy the property for a certain sum from the vendor, and the vendor is ready to establish his title, and is willing and offers to convey the property to the purchaser, the latter cannot escape from his agreement to buy, by saying that the vendor has signed no memorandum of the contract, and was not himself liable upon it by reason of the statute." (Vol. 1, sec. 213, citing, in addition to some of the cases already cited, Hotton v. Gray, 2 Ch. Cas., 164; Fowle v. Freeman, 9 Ves., 351; Seton v. Slade, 7 Ves., 264.)

The objections to this construction of the statute, as stated by Lord Redesdale in Lawrence v. Butler, 1 Sch. & Lef., 13, are certainly forcible, and have led some courts, and at least one recent author, to reject it as unreasonable, notwithstanding the length of time it has been established by authority. (Bing. on Sales of Real Prop., p. 434, et seq.; Thomas' Executrix v. Trustees of Harrodsburg, 3 Marsh., 1147; Frazer v. Ford, 3 Head, 464.) But seventy years have passed since Chancellor Kent said that the "weight of argument was in favor of the construction that the agreement concerning lands to be enforced in equity should be mutually binding"; but added, "It appears from the review of the cases that the

point is too well settled to be now questioned." (Clason *v.* Bailey, 14 Johns., 489.) Surely this might be repeated now with increased force and emphasis.

According to authority, if the instrument sued on were otherwise such a memorandum as the statute required, Donathon was entitled to sue upon it, although he himself had not signed it.

Where the action is brought by the vendor upon the contract of sale, and the contract is verbal and executory on both sides, it cannot be maintained, although the vendor tender a deed. (Brock *v.* Jones, 8 Tex., 78; Browne on Frauds, sec. 115.)

But where the action, as in this case, is brought upon a promissory note given by the vendee, although it may not be such a memorandum as satisfies the statute, the maker "cannot avoid the note which he has given because he has omitted to bind the vendor." (Rhodes *v.* Storr, 7 Ala., 347; McGowen *v.* West, 7 Mo., 569; Browne on Frauds, sec. 122*b*.)

The cause of action in this case is a promissory note reciting its consideration; and as the action is brought upon the note, and not upon the contract of sale, it is no valid defense to plead that the sale of the lot in consideration for which the note was given was not evidenced by any writing, as required by the statute. (Gillespie *v.* Battle, 15 Ala., 276.)

"The statute of frauds," says Justice Chilton, "does not render a contract absolutely void, but voidable merely. It was enacted for the benefit of defendants." Parsons, in his work on Contracts, says: "We consider them neither void nor voidable. If they were good at common law, they remain good now for all purposes but that expressly negatived by the statute; that is, no action can be brought upon them, but in other respects they are valid contracts." (3 Parsons, 5th ed., 57.) Be this as it may, it is evident that to a suit on a note it is no defense to plead that the sale was not evidenced as required by the statute of frauds. Says Justice Chilton: "The statute, when set up as a defense to an action upon the

note, affects the consideration only, and not the contract otherwise." (7 Mo., *supra;* City of Edelin *v.* Clarkson, 3 B. Monr., 31.) But how can it be said that the consideration has failed by reason of the statute of frauds, where, as in this case, the vendor tenders a deed? (Id., 283; Browne on Frauds, sec. 122*a.*) If, as claimed by appellees in their brief, but which does not otherwise appear in the record, Crutchfield received and held possession of the lot, it would be still more evident that the consideration had not failed. (Browne on Frauds, secs. 471, 121.)

Our conclusion is, that this action was not brought upon a contract for the sale of lands, but upon a promissory note given for the purchase-money of land; that it was not shown by the evidence that the consideration of the note had failed; and that the plaintiff was entitled to his judgment on his note, and a foreclosure of the lien evidenced by the note.

The parol evidence admitted did not vary or contradict the recitals of the note, and was clearly admissible. The objection was based on the idea that the note was a memorandum of a contract of sale of land under the statute.

The judgment is affirmed.