## JOHN W. BUNN ET AL.
### v.
## W. T. WEST ET AL.

EVIDENCE—MEMORANDUM OF AGREEMENT.—Whether the paper in question was a memorandum of the terms of a partnership already existing between the parties or not, was a question of fact to be determined by the jury, and the memorandum should have been submitted to the jury, not as conclusive evidence of an agreement, but as an item of proof to be considered with other evidence in the case.

APPEAL from the County Court of Morgan county; the Hon. M. T. LAYMAN, Judge, presiding. Opinion filed September 21, 1883.

Messrs. BROWN, KIRBY & RUSSELL, for appellants; that a memorandum of an agreement, though unsigned by the parties, is proper evidence to go to the jury, in connection with the oral evidence referring to and explaining it, cited Dickenson v. Robinson, 12 Pick. 74; Hosford v. Foote, 3 Vt. 391; Abbott's Trial Evidence, 375; Cook v. Anderson, 29 Ind. 15; Lathrop v. Bramhall, 64 N. Y. 366.

Bunn v. West.

Where the evidence is conflicting, instructions must be correct and accurate: Buschwitz v. Tyman, 11 Bradwell, 186; Trish v. Newell, 62 Ill. 196; Covert v. Nolan, 10 Bradwell, 629; Keyes v. Fuller, 9 Bradwell, 528; Volk v. Roche, 70 Ill. 297; Stratton v. Cent. City H. R'y Co. 95 Ill. 25.

An instruction having no basis, either in the pleadings or evidence, should not be given: East St. L. P. & P. Co. v. Hightower, 92 Ill. 139; Nolden v. Wisner, 11 Ia. 190; Iron Mt. Bk. v. Murdock, 62 Mo. 70.

Where the verdict is against the weight of the evidence, it should be set aside: Belden v. Innis, 84 Ill. 78; St. P. F. & M. Ins. Co. v. Johnson, 77 Ill. 598; C. B. & Q. R. R. Co. v. Stumps, 69 Ill. 409.

Messrs. MORRISON, WHITLOCK & LIPPINCOTT, for appellees; that an inchoate partnership must become complete before liability to creditors can attach, cited Irwin v. Bidwell, 72 Penn. 244; Grooves v. Tallman, 8 Nev. 178; Lucas v. Cole, 57 Mo. 143; Hubbell v. Woolf, 15 Ind. 204; Wilson v. Campbell, 5 Gilm. 383.

The burden is upon appellants to prove the partnership by preponderance of the evidence: Smith v. Knight, 71 Ill. 198.

Where the jury find their verdict upon full, though conflicting evidence, under proper instructions, it should not be disturbed: Reynolds v. Palmer, 70 Ill. 288; De Forrest v. Oder, 42 Ill. 500; Am. Ex. Co. v. Bruce, 50 Ill. 201; Tucker v. Watte, 64 Ill. 416; Stampofski v. Hooper, 86 Ill. 321.

HIGBEE, J. This is a suit in assumpsit brought against appellees as partners, to recover the price of a bill of goods alleged to have been sold and delivered to them. West was defaulted and Bozarth filed a plea, accompanied by affidavit denying the alleged partnership.

On the trial of the issue upon this plea, after evidence had been given tending to show the partnership at the time of the sale and delivery of the goods, appellants offered to read, in evidence to the jury, a paper purporting to be a memorandum

of the terms of a partnership between defendants, in the handwriting of West and signed by him, and which had been left by Bozarth with an attorney at law, for the purpose of preparing articles of partnership between them; but the court sustained an objection of defendants to this evidence, and refused to permit it to be read to the jury. Bozarth says in his testimony that the memorandum was not correct in some particulars and that he caused the same to be changed by the attorney by interlining in it the words, " under the firm name of W. T. West & Co.," as the name of their firm. He also testified that the partnership was not to take effect until the articles were executed, but from an inspection of all of the evidence, especially his own, when taken as a whole, we can hardly doubt that it was a memorandum of the terms of a partnership already existing between the parties. This, however, was a question of fact to be determined by the jury in view of all the evidence, and we are of the opinion that the paper offered was competent and proper to go to the jury, not as conclusive evidence of an agreement, but as an item of proof to be weighed and considered in connection with all other evidence in the case: See Dickson v. Robins, 12 Pick. 74. Hosford v. Foote, 3 Vermont, 391; Abbott's Trial Evidence, p. 375; Cook v. Anderson, 20 Ind. 15; Lathrop v. Bromhall, 64 N. Y. 366.

The judgment is reversed and the cause remanded.

