## W. R. BUFFORD v. B. F. ASHCROFT ET AL.

### No. 2588.

1. **Parol Contract for Sale of Land—Duty and Obligation of Buyer.**—The members of a firm made an oral agreement, November 6, 1883, by which Bufford, one of the firm, was to take a mill owned by the firm and was to pay therefor $5600 upon the firm debts; if a less amount should be required to pay them the difference between the amount paid in discharging the debts and the agreed price was to be paid to the other members, they to execute a deed for the mill to him. Bufford retained possession of the mill. The larger debt owing was in a judgment then held by Bufford's wife. Subsequently, and without notice to his partners, Bufford caused execution to be enforced against the mill, and bought it for $1000 and took the sheriff's deed to himself. The other partners sued Bufford, claiming that he had not paid the agreed amount, asking judgment for the difference. In the suit Bufford asserted title in the mill under the sheriff's sale, and pleaded that he had paid in excess of the agreed price, giving items including interest and costs of suits which had been brought against the firm subsequent to the date of the oral agreement. The other partners tendered a deed for the mill and no deed had been demanded by Bufford. *Held:*

1. Bufford having taken possession of the mill under an agreement as to price, can not resist the performance of his oral contract when the deed was tendered, on the ground that the deed had not been delivered.

2. He could not acquire title under the execution sale under the judgment he had undertaken to pay.

3. He could not charge his partners with interest upon the debts which had accrued subsequent to his agreement to pay them.

4. Nor would he be allowed for costs of court incurred upon valid notes of the firm upon which he had allowed suits to be brought subsequent to the agreement by terms of which he was to pay them.

2. **New Trial.**—The record not showing but that suits which had been brought upon some of the accounts against the firm had been properly resisted, and the record showing a payment of the agreed price, the judgment against Bufford is not sustained by the testimony, for which reason the case is reversed.

APPEAL from Hopkins. Tried below before Hon. J. A. B. Putman. The facts sufficiently appear in the opinion.

*E. B. Perkins,* for appellant. —1. The acts of part performance which will enable a party to enforce a contract relating to land must be done by the party who relies upon the contract. Waterman on Spec. Perf. Contracts, sec. 200; Sugden on Vendors, 154 and note.

2. A partner has a right to have the property of the firm sold under a judgment which he owns, and if the sale is regular he acquires a good title. Tom and Wife v. Wollhoefer, 61 Texas, 282.

STAYTON, CHIEF JUSTICE. — Appellant and appellees were partners engaged in a mill business on property owned by them.

The firm was indebted and unable to meet its liabilities, when, on November 6, 1883, it was agreed that appellees would convey unto appellant the mill property in consideration that he would pay on the partnership indebtedness, if necessary to discharge it, the sum of $5600, and as between themselves this payment was to relieve appellant from obligation to pay any partnership debts unpaid after he had discharged debts equal to the sum named. It was further agreed if the partnership debts did not amount to $5600 that so much of that sum as was not expended should be paid to appellees.

Appellant contends that as a part of the agreement appellees obligated themselves to indemnify him by bond against partnership debts in excess of $5600, and he alleges that they failed to do this, and that they failed to execute to him a deed for the property.

There was a conflict in the evidence as to the contract to give indemnity, and, as the cause was submitted to the jury, to make a verdict in favor of appellees they must have found that there was no such agreement. The contract between the parties was oral. The evidence shows that no deed to appellant was executed and tendered to him until this action was brought, but it seems that appellees were ready at all times to

execute such a deed, but it does not appear that appellant ever demanded it. The evidence tends strongly to show that immediately after the agreement was made appellant entered into the possession of the mill property, and that he has subsequently held the same.

Appellees allege that on the partnership indebtedness appellant only paid $3600, and bring this action to recover the difference between that and $5600.

Appellant in his answer alleges that on failure of appellees to execute a deed and bond for indemnity to him, he abandoned the contract of November 6, 1883, but that since that date he has paid on partnership debts a sum in excess of $5600, and he asks judgment for three-fourths of the sum so paid against appellees.

At the time the agreement of November 6, 1883, was made there was a judgment against the firm then amounting to more than $3600 which decreed the foreclosure of a mortgage on the mill property. That judgment appellant purchased in the name of his wife, and held at the time the agreement of November 6, 1883, was made.

So standing the matter, without any notice to appellees of his desire or intention to abandon the agreement or demand for a deed to the mill property, on August 7, 1884, appellant caused an order of sale to issue on the judgment held in the name of his wife, under which, on the first Tuesday in September following, he bought the property for the sum of $1000 and took deed in his own name, and under this he claims.

Neither party raises any question by pleadings or otherwise as to the existence of partnership debts unpaid, nor as to equities that might grow out of the existence of such debts, or of partnership assets other than such as were the subject matter of the agreement of November 6, 1883.

Under this state of facts, after the lapse of four years, we feel authorized to dispose of this appeal on the theory that there are no partnership debts outstanding nor rights to adjust between the parties other than such as grew out of the agreement of November 6, 1883, and acts done under it.

Appellees recovered a judgment for three hundred and seventy dollars. Assignments of error question the correctness of the charge of the court bearing on the question of the transmission of title through the oral agreement of November 6, 1883, and acts done under it, but we do not deem it necessary to enter into a discussion in detail of the questions thus raised, but will simply state the conclusions decisive of the rights of the parties.

1. Appellant having promised to pay a certain sum for the property, and having entered into possession, can not defeat the right of appellees to enforce his agreement, they tendering a deed, on the ground that the deed which he might have had at any time was not delivered. Crutchfield v. Donathon, 49 Texas, 691; Watson v. Baker, 71 Texas, 739.

2.  Having obligated himself to satisfy the judgment he then held under his control, which seems to have given the pressing necessity for the making of the agreement of November 6, 1883, appellant could not acquire, as against appellees, a title to any property covered by that agreement, or any belonging to the partnership, through a sale made under process issued by virtue of that judgment, unless he had prior to his purchase paid out on partnership debts a sum equal to that he was bound to pay under the agreement.  The deed tendered by appellees makes his title to the property complete.

3.  The agreement of November 6, 1883, contemplated that the sum appellant agreed to pay on partnership debts should be paid at once, and for this reason appellant would not be entitled to credit for sums paid as interest maturing after that agreement was made.

Appellant proved that he paid on partnership debts after the agreement was made sums aggregating more than $5600, but so far as we are able to ascertain from the proof, that part of the sum so paid which consisted of principal and interest due at the time the agreement was made did not amount to the sum which by the agreement he was bound to pay. Much of it consisted of interest accruing after the date of the agreement.

From the evidence we are unable to ascertain when some of the debts paid began to bear interest, and it may be that appellant had paid as much as under the agreement between himself and appellees he was bound to pay.  From the estimate we are able to make from the evidence, about which there is no controversy, appellant must have paid, on principal and interest due on partnership debts at the time the agreement was made, at least $5550; and there was one small claim paid by him which appellees contend was not a just partnership debt.  This we have not considered.

4.  Appellant failed to satisfy six claims against the firm until after they were established by suit, and judgments by default were rendered on five of them.  Appellant seeks to have allowed him the costs incurred in those suits.

Under the agreement he was to pay notes without consulting appellees, but accounts were to be paid when pronounced correct by Ashcroft, who seems to have managed the business prior to the agreement of November 6, 1883, when the firm was dissolved.

In so far as judgments were obtained on notes by default there can be no pretense of the right of appellant to recover costs, for his copartners had directed him to pay them, and judgments by default evidence the fact that he did not believe there was any valid defense.

If the actions on open accounts were suffered to be brought after Ashcroft had refused to approve the claims, then appellee would be entitled to costs paid by him in such suits; but if he permitted suits to be brought on accounts after Ashcroft had approved them, and judgment went by default, then he ought not to be permitted to have costs paid in such cases.

While the agreement was that as between the partners the payment of $5600 on firm indebtedness by appellant should relieve him from further obligation to pay firm debts, yet it appears that there was firm property other than the mill property, which remained the property of all the members of the dissolved firm, and would be subject to firm debts as would the appellant so far as creditors were concerned.

In view of these facts we do not see that appellant would not be entitled to costs paid in an action to establish a claim against the firm if he refused to pay it in good faith, unless it was made to appear that he suffered suit to be brought contrary to the wish of the appellees.

If he did the latter, then it would seem that such costs as were incurred in an unsuccessful attempt to defeat a just claim, under the agreement, ought to be borne by himself.

It may be, if the case was fully developed, that appellant is not liable at all to appellees, and the record manifests that the judgment against him is for more than the evidence justified.    For this reason it will be reversed and the cause remanded.

*Reversed and remanded.*

Opinion November 23, 1888.